UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 76.93.160.124,<br><br>　　　　　　　　　Defendant. | Case No.: 18cv47-WQH (RBB)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br>**[ECF NO. 4]** |

On January 25, 2018, Plaintiff Strike 3 Holdings, LLC, filed an Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 4]. Plaintiff seeks to subpoena Defendant John Doe's Internet Service Provider, Spectrum (Time Warner Cable), to "learn Defendant's true identity, investigate Defendant's role in the infringement, and effectuate service." (Pl.'s Ex Parte Appl. Attach. #1 Mem. P. & A. 6, ECF No. 4.) Because no Defendant has been named or served, no opposition has been filed. For the following reasons, the Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference is **GRANTED**.

## I. BACKGROUND

Plaintiff Strike 3 Holdings, LLC, ("Strike 3 Holdings") purports to be the registered owner of, and hold the exclusive rights to, certain copyrighted motion pictures. (Compl. 1, ECF No. 1.) On January 5, 2018, Plaintiff filed a Complaint alleging that Defendant John Doe, an internet subscriber assigned Internet Protocol ("IP") address 76.93.160.124, used the BitTorrent file distribution network to download, copy, and distribute seventy seven of Plaintiff's copyrighted works without authorization. (Id. at 2, 4-5; id. Attachs. #2-3.) Strike 3 Holdings states that its investigator identified Defendant's IP address as a participant in infringing activity. (Compl. 5, ECF No. 1.)

On January 25, 2018, Plaintiff filed an Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. Strike 3 Holdings seeks leave to serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Defendant's Internet Service Provider ("ISP") Spectrum (Time Warner Cable). (Pl.'s Ex Parte Appl. Attach. #1 Mem. P. & A. 6-7, ECF No. 4.) Strike 3 Holdings requests limited discovery from the ISP, arguing that the ISP assigned Doe Defendant's IP address and can use the IP address to identify Defendant's true name and address. (Id.)

On March 1, 2018, the Court issued a minute order directing Plaintiff to supplement its Ex Parte Application by providing evidence that Plaintiff's geolocation services vendor determined that IP address 76.93.160.124 was located in the Southern District of California. (Mins. 1, Mar. 1, 2018, ECF No. 5.) On March 7, 2018, Strike 3 Holdings provided a declaration from its in-house counsel stating that the device associated with the IP address that is the subject of this suit is located in San Diego, California. (Suppl. Decl. Attach. #1, Decl. Kennedy, ECF No. 6.)

///
///
///
///
///

## II. LEGAL STANDARDS

**A.  Cable Privacy Act**

The Cable Privacy Act generally prohibits a cable operator from disclosing "personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned . . . ."  47 U.S.C.A. § 551(c)(1) (West 2014).  A cable operator, however, may disclose the information if the disclosure is made pursuant to a court order and the cable operator notifies the subscriber of the order.  Id. § 551(c)(2)(B).  A cable operator is

> any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

47 U.S.C.A. § 522(5) (West 2014).

**B.  Requests for Discovery Before Rue 26(f) Conference**

Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  Yet, "in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  A party who requests early or expedited discovery must establish good cause.  Semitool, Inc. v. Tokyo Elec. Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  Gillespie, 629 F.2d at 642.  "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion."  Columbia Ins. Co., 185 F.R.D. at 578.

District courts apply a multi-factor test when considering motions for early discovery to identify Doe defendants. Id. at 578-80. First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." Id. at 578. Second, the movant must describe "all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. Id. at 579. Third, the plaintiff should establish that its suit against the defendant could withstand a motion to dismiss. Id. "Lastly, the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served." Id. at 580. The Plaintiff must demonstrate a reasonable likelihood that the requested discovery will yield information about the defendant so that service of process is possible. See id. The factors will ensure that expedited discovery procedure will be sought only after "the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method to harass or intimidate." Id. at 578.

### III. ANALYSIS

Plaintiff requests leave to issue a Rule 45 subpoena to Doe Defendant's ISP, Spectrum (Time Warner Cable). (See Pl.'s Ex Parte Appl. Attach. #1 Mem. P. & A. 6, 17, ECF No. 4.) Spectrum (Time Warner Cable) is a cable operator, and the information requested by Strike 3 Holdings falls within the exception to the Cable Privacy Act's disclosure prohibition. See 47 U.S.C.A. § 551(c)(2)(B). Accordingly, if Plaintiff satisfies the multi-factor test used by courts to determine whether to allow early discovery, Doe Defendant's ISP may disclose the requested information pursuant to this Court's order.

**A.    Identification of the Doe Defendant with Sufficient Specificity**

Plaintiff has the burden to identify the Doe Defendant with enough specificity to establish that the Defendant is a real person or entity, subject to the Court's jurisdiction.

Columbia Ins. Co., 185 F.R.D. at 578.  "[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin."  808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91, Civil No. 12cv00186 MMA(RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012) (citing OpenMind Sols., Inc. v. Does 1–39, No. C 11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011); Pink Lotus Entm't, LLC v. Does 1-46, No. C–11–02263 HRL, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011)).

Strike 3 Holdings asserts that between May 11, 2017, and October 26, 2017, Defendant infringed Plaintiff's copyrighted works by using the BitTorrent file distribution network.  (See Compl. 5-6, ECF No. 1; see also id. Attachs. #2-3.)  Plaintiff has retained a forensic investigation services company, IPP International UG ("IPP"), to monitor the BitTorrent file distribution network for copyrighted works and identify IP addresses used by infringers to distribute copyrighted works within the network.  (See Pl.'s Ex Parte Appl. Attach. #3 Decl. Fieser 2, ECF No. 4.)  Strike 3 Holdings has provided a declaration from IPP's employee, Tobias Fieser, who reviewed IPP's forensic activity records and determined that IPP's servers connected to an electronic device using IP address 76.93.160.124.  (See id.)  He discovered that the IP address distributed to IPP's servers "multiple pieces" of Strike 3 Holdings' copyrighted motion pictures.  (Id.)  Fieser explains that the movie pieces were recorded in a PCAP, a "forensically sound interface for recording network traffic"; and that "reassembling the pieces using a specialized BitTorrent client results in a fully playable digital movie."  (Id. at 3.)  According to Fieser, digital files can be identified by a "Cryptographic Hash Value," and the files distributed by Defendant's IP address "have a unique identifier of the Cryptographic Hash outlined on Exhibit A [to Plaintiff's Complaint]."  (Id.)  He also states that IP address 76.93.160.124 "is associated with significant long term BitTorrent use."  (Id.)

Plaintiff further contends that Doe Defendant's IP address belongs to Spectrum (Time Warner Cable). (See Pl.'s Ex Parte Appl. Attach. #1 Mem. P. & A. 6, 16, ECF No. 4.) Strike 3 Holdings asserts that Maxmind Inc. ("Maxmind") identified Time Warner Cable as the owner of Defendant's IP address, and numerous federal courts found Maxmind's geolocation technology to be credible and reliable. (See id. at 16; see also Compl. 2, ECF No. 1; Suppl. Decl. Attach. #1 Decl. Kennedy 4, ECF No. 6.) The American Registry for Internet Numbers, "a nonprofit, member-based organization, responsible for the management and distribution of IP addresses across most of North America," also identified Time Warner Cable as the owner of the IP address 76.93.160.124. (Pl.'s Ex Parte Appl. Attach. #1 Mem. P. & A. 16, ECF No. 4; see also id. Attach. #4 Decl. Stalzer 3, ECF No. 4.)

Additionally, Plaintiff alleges in its Complaint and Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference that it used IP address geolocation technology by Maxmind to determine that Doe Defendant's IP address traced to a physical address within this Court's jurisdiction. (See Compl. 2, ECF No. 1; Pl.'s Ex Parte Appl. Attach. #1 Mem. P. & A. 11-13, ECF No. 4.) At the Court's request, Plaintiff provided a declaration from its in-house counsel, Emilie Kennedy, stating that the device associated with the IP address 76.93.160.124 is located in the Southern District of California. (Suppl. Decl. Attach. #1, Decl. Kennedy, ECF No. 6.) Kennedy declares that on August 31, 2017, after Plaintiff first received infringement data from IPP, the IP address 76.93.160.124 was automatically inserted into Maxmind's Geolocation Database, and "Maxmind determined that the IP address traced to a location in San Diego, California." (Id. at 2.) She further declares on March 5, 2018, she re-inserted the IP address 76.93.160.124 into Maxmind's Geolocation Database and confirmed that the IP address continued to trace to San Diego, California. (Id.; see also id. at 4.)

Plaintiff has therefore provided information about infringing activity tied to Doe Defendant's unique IP address, specific dates and times associated with the activity, the name of the ISP for the user of the IP address; and Strike 3 Holdings used geolocation

technology to trace the IP addresses to San Diego, California. Plaintiff has demonstrated that a person or entity engaged in acts of infringement using the IP address 76.93.160.124, and the IP address likely corresponds to a physical address located in the Southern District of California. See Criminal Prods., Inc. v. Doe-72.192.163.220, Case No. 16-cv-2589 WQH (JLB), 2016 WL 6822186, at *3 (S.D. Cal. Nov. 18, 2016) ("[B]ased on the timing of the IP address tracing efforts employed by Plaintiff's investigator, the documented success of the Maxmind geolocation service, and Plaintiff's counsel's efforts to independently verify the location information provided by Plaintiff's investigator, . . . [defendant's IP address] likely resolves to a physical address located in this District."); see also Strike 3 Holdings, LLC v. Doe, Case No.: 3:17-cv-02316-GPC-KSC, 2018 WL 324264, at *2 (S.D. Cal. Jan. 5, 2018) (citing Criminal Prods., Inc, 2016 WL 6822186, at *3). Accordingly, Plaintiff has satisfied the "sufficient specificity" threshold. See Columbia Ins. Co., 185 F.R.D. at 578.

**B.      Previous Attempts to Locate Doe Defendant**

To obtain leave to take early discovery, Plaintiff is also required to describe the steps it took to identify Defendant in a good faith effort to locate and serve process. See id. at 579. Strike 3 Holdings searched for Defendant's IP address using various internet search tools; reviewed numerous legislative reports, agency websites, and informational technology guides; and conferred with computer investigators and cyber security consultants. (Pl.'s Ex Parte Appl. Attach. #1 Mem. P. & A. 13, ECF No. 4.) Additionally, Plaintiff retained a forensic investigation services company IPP to monitor the BitTorrent file distribution network for copyrighted works and identify the IP addresses used to distribute the works. (Pl.'s Ex Parte Appl. Attach. #3 Decl. Fieser 2, ECF No. 4.) IPP determined that the IP address 76.93.160.124 had distributed "multiple pieces" of Strike 3 Holdings' copyrighted movies. (Id.) Despite obtaining Doe Defendant's IP address, Plaintiff cannot correlate the IP address to its subscriber and identify the Doe Defendant. (See Pl.'s Ex Parte Appl. Attach. #1 Mem. P. & A. 13-14,

1 ECF No. 4.) The Court therefore finds that Strike 3 Holdings made a good faith effort to identify and locate the Defendant.

**C.     Whether Plaintiff's Suit Could Withstand a Motion to Dismiss**

Strike 3 Holdings must also show that its suit could withstand a motion to dismiss. See Columbia Ins. Co., 185 F.R.D. at 579. A claim may be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction or for failure to state a claim. See Fed. R. Civ. P. 12(b)(1), 12(b)(6). Plaintiff's Complaint states the "Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions)[,]" and alleges a cause of action for direct copyright infringement. (Compl. 2, 6-7, ECF No. 1.) To prevail on a copyright infringement claim, Plaintiff must establish "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) (citations omitted). "To prove a claim of direct copyright infringement, a plaintiff must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act." Id. (footnote omitted) (citation omitted); see also Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 666 (9th Cir. 2017) ("[D]irect infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant.").

Strike 3 Holdings asserts ownership over the seventy-seven copyrighted works that are the subject of this suit and claims that the works "have either been registered with the United States Copyright Office or have pending copyright registrations." (Compl. 1, 6, ECF No. 1; see also id. Attachs. # 2-3.) It maintains that for the works "that are still pending registration, a complete application, fees, and deposit materials for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101, et seq." (Compl. 6, ECF No. 1.) Strike 3 Holdings provides evidence that it is the exclusive rights holder of the copyrighted works at issue. (See id. Attach. #1.)

Plaintiff further alleges that between May 11, 2017, and October 26, 2017, Doe Defendant infringed its copyrighted works by using the BitTorrent file distribution network, and Plaintiff did not "authorize, permit or consent to Defendant's distribution" of the works. (See id. at 5-6; see also id. Attachs. #2-3.) Strike 3 Holdings provides evidence that the device using the IP address 76.93.160.124 distributed multiple pieces of Strike 3 Holdings' copyrighted motion pictures; and the distributed pieces, when assembled, constitute a "fully playable digital movie." (Pl.'s Ex Parte Appl. Attach. #3 Decl. Fieser 2-3, ECF No. 4.) Additionally, Plaintiff has verified that each digital file is a copy of its motion pictures. (See Pl.'s Ex Parte Appl. Attach. #4 Decl. Stalzer 2-3, ECF No. 4.) Strike 3 Holdings has alleged the prima facie elements of direct copyright infringement, and its Complaint will likely withstand a motion to dismiss for lack of subject matter jurisdiction.

A case can also be dismissed for lack of personal jurisdiction over a defendant or for improper venue. See Fed. R. Civ. P. 12(b)(2), 12(b)(3). In order to survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a "prima facie showing of jurisdictional facts." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). In copyright infringement actions, venue is proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C.A. § 1400(a) (West 2006). An individual "resides" for venue purposes in the district of his domicile. 17 James Wm. Moore, et al., Moore's Federal Practice, § 110.39[2], at 110-74 (3d ed. 2017). For venue purposes, a defendant is "found" where he is subject to personal jurisdiction. Id. at 110-75 (footnote omitted); see also Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1126 (9th Cir. 2010) ("This circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction.").

Strike 3 Holdings alleges that it used geolocation technology to determine that Doe Defendant's IP address traced to a physical address in the Southern District of California, that "a substantial part of the events or omissions giving rise to the claims occurred in this

[d]istrict[,]" and Defendant resides in the district. (See Suppl. Decl. Attach. #1 Decl. Kennedy, ECF No. 6; see also Compl. 2-3, ECF No. 1; Pl.'s Ex Parte Appl. Attach. #1 Mem. P. & A. 11-13, ECF No. 4.) Plaintiff has therefore alleged facts that are likely to withstand a motion to dismiss for lack of personal jurisdiction or improper venue.

**D.    Whether Requested Discovery Will Lead to Identifying Information**

Finally, Strike 3 Holdings is required to demonstrate that the requested discovery will lead to identifying information about the Defendant that would make service of process possible. See Columbia Ins. Co., 185 F.R.D. at 580. As discussed above, Plaintiff's investigation revealed a unique IP address 76.93.160.124, and Defendant's ISP Spectrum (Time Warner Cable) is the only entity that may correlate the IP address to its subscriber. (See Pl.'s Ex Parte Appl. Attach. #1 Mem. P. & A. 13-14, ECF No. 4.) The requested Rule 45 subpoena would lead to information making physical service of process possible.

## IV.  CONCLUSION

For the reasons stated above, the Court finds good cause and **GRANTS** the Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 4] as follows:

1.    Plaintiff may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Spectrum (Time Warner Cable), seeking only the name and address of the subscriber assigned the IP address 76.93.160.124. Strike 3 Holdings may not subpoena additional information about the subscriber;

2.    Plaintiff may only use the disclosed information to protect its copyrights in pursuing this litigation;

3.    Within fourteen (14) calendar days after service of the subpoena, Spectrum (Time Warner Cable) shall notify the subscriber assigned the IP address 76.93.160.124 that his, her, or its identity has been subpoenaed by Plaintiff;

4.    The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of the notice to challenge the disclosure of his, her, or its

name and address by filing an appropriate pleading with this Court contesting the subpoena;

5. If Spectrum (Time Warner Cable) wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other customer challenge is brought, Spectrum (Time Warner Cable) shall preserve the information sought by Plaintiff in the subpoena pending resolution of the motion or challenge;

6. Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to Spectrum (Time Warner Cable);

7. Spectrum (Time Warner Cable) must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

**IT IS SO ORDERED**.

Dated: March 22, 2018

Hon. Ruben B. Brooks
United States Magistrate Judge